**Marquis Aurbach Coffing**
Brian R. Hardy, Esq.
Nevada Bar No. 10068
Susan E. Gillespie, Esq.
Nevada Bar No. 15227
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
bhardy@maclaw.com
  Attorneys for Defendant Jonas Frey

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| LEVELS NETWORK, INC., a Delaware corporation; and AW BETEILIGUNGS GMBH, a limited liability company organized under the laws of Germany, | Case Number: 2:21-CV-01796-RFB-BNW |
| Plaintiffs, | **STIPULATION FOR ENTRY OF PROTECTIVE ORDER** |
| vs. | |
| JONAS FREY, an individual, | **(Submitted Under LPR 104(a))** |
| Defendant. | |

Plaintiffs Levels Network, Inc. and AW Beteiligungs GMBH (collectively "Plaintiffs"), by and through their counsel of record, Kevin Murphy, Esq. (phv) of Wuersch & Gering LLP, and Brian W. Boschee and James B. Boyle, of Holley Driggs and Defendant Jonas Frey, by and through his counsel of record, Brian R. Hardy, Esq., of Marquis Aurbach Coffing, hereby submit this Stipulation for Entry of Protective Order (the "Stipulation") pursuant to Fed. R. Civ. P.26©, LR II LA 6-2, and LPR 1-4(a).

On October 21, 2021, Plaintiffs and Defendant conducted a conference pursuant to Fed. R. Civ. P. 26, LR II 26-1, and the Local Patent Rules. This Joint Motion is submitted within the fourteen (14) day required deadline set forth in LPR 1-4(a).

///

///

Page 1 of 2

WHEREFORE, the parties hereby jointly submit a [Proposed] Protective Order attached hereto as **Exhibit A**, and stipulate to move this Court to grant and enter the [Proposed] Protective Order.

IT IS SO STIPULATED.

Dated this 27th day of October, 2021

HOLLEY DRIGGS

By: /s/James D. Boyle
    James D. Boyle, Esq.
    Nevada Bar No. 8384
    Brian W. Boschee, Esq.
    Nevada Bar No. 7612
    400 South 4th Street, 3rd Floor
    Las Vegas, Nevada 89101
    Attorneys for Plaintiffs

WUERSCH & GERING LLP


By: /s/Kevin Murphy
    Kevin Murphy, Esq. (Pro Hac Vice)
    100 Wall St. 10th Floor
    New York, NY 10005
    Attorneys for Plaintiffs

Dated this 27th day of October, 2021

MARQUIS AURBACH COFFING

By: /s/Susan E. Gillespie
    Brian R. Hardy, Esq.
    Nevada Bar No. 10068
    Susan E. Gillespie, Esq.
    Nevada Bar No. 15227
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorneys for Defendant

**ORDER**

IT IS SO ORDERED this 29th day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

Page 2 of 2

MAC:16738-001 4516381_1 10/27/2021 2:47 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Exhibit A

1  **Marquis Aurbach Coffing**
Brian R. Hardy, Esq.
2  Nevada Bar No. 10068
10001 Park Run Drive
3  Susan E. Gillespie, Esq.
Nevada Bar No. 15227
4  Las Vegas, Nevada 89145
Telephone: (702) 382-0711
5  Facsimile: (702) 382-5816
bhardy@maclaw.com
6    Attorneys for Defendant Jonas Frey

7  **UNITED STATES DISTRICT COURT**

8  **DISTRICT OF NEVADA**

9  LEVELS NETWORK, INC., a Delaware
corporation; and AW BETEILIGUNGS
10  GMBH, a limited liability company organized
under the laws of Germany,

Case Number:
2:21-CV-01796-RFB-BNW

11                          Plaintiffs,

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

12      vs.

13  JONAS FREY, an individual,

14                          Defendant.

15

16       Plaintiffs Levels Network, Inc. and AW Beteiligungs GMBH (collectively

17  "Plaintiffs") and Defendant Jonas Frey (Plaintiffs and Defendants are collectively "the

18  Parties"), have submitted a Joint Motion for Entry of a [Proposed] Stipulated Protective

19  Order (the "Joint Motion") pursuant to FED. R. CIV. P. 26(c), LR IA 6-2, and the Ninth

20  Circuit's directives in *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir.

21  2006).

22       The Court, having duly considered the Parties Stipulation, and finding that good

23  cause exists for entry of a protective order, now **ORDERS** that the Parties shall observe the

24  following provisions of this Protective Order:

25       **1.      Scope.** All disclosures, affidavits and declarations and exhibits thereto,

26  deposition testimony and exhibits, discovery responses, documents, electronically stored

27  information, tangible objects, information, and other things produced, provided, or disclosed

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

    **2.**     **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL"), or "ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "ATTORNEYS EYES ONLY"), or "OUTSIDE ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "OUTSIDE ATTORNEYS EYES ONLY") (collectively "Protected Materials") on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL, ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY. Thereafter, any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY as required under this Order and, thereafter, the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

  **3.**  **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not readily publicly available. Public records and documents that are readily publicly available may not be designated for protection under this Order.

  **4.**  **Documents Which May be Designated ATTORNEYS EYES ONLY.** Any party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or highly sensitive personal, financial, or business information.

  **5.**  **Documents Which May be Designated OUTSIDE ATTORNEYS EYES ONLY.** Any party may designate documents as OUTSIDE ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure such as: (a)

Page 3 of 18

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

commercially sensitive marketing, financial, sales, web traffic, research and development, or technical data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a Non-Party pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; (d) commercial agreements, licenses and licensing terms, settlement agreements, or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party; (e) trade secrets, pricing or profit information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, customer lists, and other non-public information of similar competitive and business sensitivity; or (f) information that is likely to cause economic harm or significant competitive disadvantage to the Producing Party if disclosed.

**6.    Depositions.** Deposition testimony shall be presumptively deemed ATTORNEYS EYES ONLY for a period of twenty-five (25) calendar days following receipt of the final transcript by counsel for the deponent (or by the deponent if not represented by counsel). Within twenty-five (25) calendar days following receipt of the final transcript, the parties shall review the transcript and specifically designate portions of the transcript CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY as appropriate, by notifying all counsel of record in writing of said designation. Such designation shall be specific as to the portions of the transcript designated for protection under this Order. Thereafter, the deposition testimony so designated shall be separately bound and protected, pending objection, under the terms of this Order. If counsel for the deponent, the deponent, counsel for a party, or a party designates a portion of the deposition testimony CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY on the record during the deposition, the designating person shall have the right to exclude all persons not authorized to receive such information under this Order from the deposition, or any portion thereof, before taking the designated

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

testimony. Any such designation on the record relieves the designating party from thereafter making a written designation as provided above.

**7.     Protection of Confidential Material**.

**(a)     Protection of Documents Designated CONFIDENTIAL**. Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. This agreement, however, does not encompass materials that (a) were in the recipient's possession before receipt from the discloser, (b) are or become publicly known without breach by the recipient, (c) are rightfully received by the recipient from a third party who obtained the materials by proper means without a duty of confidentiality, (d) are disclosed by the discloser to a third party without a duty of confidentiality on the third party, or (e) are independently developed or learned by the recipient. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1) - (7) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

**(1) Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action, including any independent litigation support providers retained by outside counsel to assist in this action, and their employees, contractors, and agents whose duties and responsibilities require access to such materials, and who are not current employees of any party to this litigation or of any direct competitor to any party to this litigation.

**(2) Parties.** Parties and employees of a party to this Order, including in-house counsel, subject to the Nevada Rules of Professional Conduct.

**(3) The Court.** The Court and its personnel.

**(4) Court Reporters and Recorders.** Court reporters and recorders engaged

Page 5 of 18

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

for depositions.

**(5) Persons Creating or Receiving Documents**. Any person who, on the face of the document, authored, received, or recorded the designated document, as well as any person who has previously seen or was aware of the designated document, as established through deposition testimony or otherwise under oath or as agreed upon by counsel for all parties.

**(6) Consultants and Investigators**. Consultants and investigators employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound. The Parties will provide the names of any consultants and investigators and their signed certifications upon request within thirty (30) days of the conclusion of the lawsuit.

**(7) Experts**. Testifying experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after (a) such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound, and (b) the procedure of Paragraph 7(g) of this Order has been satisfied.

**(8) Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(b) **Protection of Documents Designated ATTORNEYS EYES ONLY.** Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. This agreement, however, does not encompass materials that (a) were in the recipient's possession before receipt from the discloser, (b) are or become publicly known

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

without breach by the recipient, (c) are rightfully received by the recipient from a third party who obtained the materials by proper means without a duty of confidentiality, (d) are disclosed by the discloser to a third party without a duty of confidentiality on the third party, or (e) are independently developed or learned by the recipient. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEYS EYES ONLY to any third person or entity except as set forth in subparagraphs (1) - (7) below.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS EYES ONLY.

(1) **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action, including any independent litigation support providers retained by outside counsel to assist in this action, and their employees, contractors, and agents whose duties and responsibilities require access to such materials and who are not current employees of any party to this litigation or of any direct competitor to any party to this litigation.

(2) **In-House and Non-Record Outside Attorneys for the Parties.** Two (2) in-house attorneys who are members of at least one state bar in good standing or, if a party does not have in-house attorneys who are members of at least one state bar in good standing, two (2) non-record outside attorneys for each party who shall execute Exhibit A hereto, subject to the Nevada Rules of Professional Conduct.

(3) **The Court.** The Court and its personnel.

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

(5) **Persons Creating or Receiving Documents.** Any person who, on the

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

face of the document, authored, received, or recorded the designated document, as well as any person who has previously seen or was aware of the designated document, as established through deposition testimony or otherwise under oath or as agreed upon by counsel for all parties.

**(6) Consultants and Investigators.** Consultants and investigators employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound. The Parties will provide the names of any consultants and investigators and their signed certifications upon request within thirty (30) days of the conclusion of the lawsuit.

**(7) Experts.** Testifying experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after (a) such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound, and (b) the procedure of Paragraph 7(g) of this Order has been satisfied.

**(8) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Protection of Documents Designated OUTSIDE ATTORNEYS EYES ONLY**. Documents designated OUTSIDE ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. This agreement, however, does not encompass materials that (a) were in the recipient's possession before receipt from the discloser, (b) are or become publicly known without breach by the recipient, (c) are rightfully received by the recipient from a third party who obtained the materials by proper means without a duty of confidentiality, (d) are disclosed by the discloser to a

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

third party without a duty of confidentiality on the third party, or (e) are independently developed or learned by the recipient. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated OUTSIDE ATTORNEYS EYES ONLY to any third person or entity except as set forth in subparagraphs (1) - (6) below.

Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated OUTSIDE ATTORNEYS EYES ONLY.

**(1) Outside Counsel of Record**. Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action, including any independent litigation support providers retained by outside counsel to assist in this action, and their employees, contractors, and agents whose duties and responsibilities require access to such materials and who are not current employees of any party to this litigation or of any direct competitor to any party to this litigation.

**(2) The Court**. The Court and its personnel.

**(3) Court Reporters and Recorders**. Court reporters and recorders engaged for depositions.

**(4) Persons Creating or Receiving Documents**. Any person who, on the face of the document, authored, received, or recorded the designated document, as well as any person who has previously seen or was aware of the designated document, as established through deposition testimony or otherwise under oath or as agreed upon by counsel for all parties.

**(5) Consultants and Investigators**. Consultants and investigators employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound. The Parties will provide the names of any consultants and investigators and their signed certifications

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

upon request within thirty (30) days of the conclusion of the lawsuit.

**(6) Experts**. Testifying experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after (a) such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound, and (b) the procedure of Paragraph 7(g) of this Order has been satisfied.

**(7) Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(d) Control of Documents**. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(e) Copies**. All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents.

**(f) Inadvertent Production**. Inadvertent production of any document or information without a designation of CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY or any document or information subject to attorney-client

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

privilege, work product immunity, or any other applicable privilege or immunity shall be governed by Fed. R. Evid. 502. Such inadvertent production shall not constitute a waiver of, nor a prejudice to, any claim that such documents or information is CONFIDENTIAL, ATTORNEYS EYES ONLY, OUTSIDE ATTORNEYS EYES ONLY, privileged, or protected by the work product immunity or any other applicable privilege or immunity, provided that the designating party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents and all copies thereof shall be promptly returned to the designating party upon request. No use shall be made of such documents other than to challenge the propriety of the allegedly omitted designation or the asserted privilege or immunity, nor shall the documents be subsequently shown to anyone who has not already been given access to them. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the designating party in order for such party to avail itself of the provisions of this paragraph.

**(g) Notice Prior to Disclosure**. Before any Expert may be given access to documents or information designated CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY, the party seeking to provide such access (the "requesting party") must give written notice to the designating party of its intention to make such disclosure, providing the person's name, address, and a curriculum vitae, and for testifying experts, including a list of all publications authored in the last ten (10) years by the person to whom disclosure is proposed. The notice must also provide for testifying experts, a list of all litigations in which the person to whom the disclosure is proposed testified within the last four (4) years. Within five (5) business days from the service of such written notice (the "notice period"), the designating party may object to such disclosure by service of a written notice of objection on the party seeking to make the disclosure, stating the reasons for the objection. The requesting party may not disclose documents or information designated CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY to any such person prior to the expiration of the notice period unless consent

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

is granted earlier by the designating party. If the designating party notifies the requesting party of its objection to disclosure (an "objection notice"), the party objecting to the disclosure may file a motion seeking to prohibit the disclosure, and that party shall have the burden of justifying the objection. The motion must be made within ten (10) business days after the date of the objection notice. Failure to file the motion constitutes consent to disclosure. If a motion is filed, the requesting party may not make such disclosure while such motion is pending.

**8.     Filing of CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY** Documents Under Seal. To the extent that a pleading or other paper references a document designated for protection under this Order, then the pleading or other paper shall refer the Court to the particular document filed under seal without disclosing the contents of any confidential information.

(a)     Before any document designated for protection under this Order is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document for protection under this Order to determine whether, with the consent of that party, the exhibit may be filed with the Court not under seal.

(b)     Where agreement is not possible or adequate, a document designated for protection under this Order shall only be filed electronically under seal in accordance with the electronic case filing procedures of this Court, including, without limitation, LR IA 10-5, and the requirements of *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006) and its progeny. Any motion brought pursuant to this provision must be accompanied by a competent certification that the movant has complied with the meet and confer requirements set forth in Section 8(a) above and the Local Rules of this Court.

(c)     Where filing electronically under seal is not possible or adequate, before a document designated for protection under this Order is filed with the Clerk, it shall be placed in a sealed envelope marked CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY which envelope shall also display the case name,

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

docket number, a designation of what the exhibit is, the name of the party in whose behalf it is submitted, and the name of the attorney who has filed the exhibit on the front of the envelope. A copy of any document filed under seal may also be delivered to the judicial officer's chambers.

(d)      To the extent that it is necessary for a party to discuss the contents of any document designated for protection under this Order in a pleading or other paper filed with this Court, then such portion of the pleading or other paper shall be filed under seal. In such circumstances, counsel shall prepare two versions of the pleading or other paper, a public and a sealed version. The public version shall contain a redaction of references to CONFIDENTIAL, ATTORNEYS EYES ONLY, or ATTORNEYS EYES ONLY documents. The sealed version shall be a full and complete version of the pleading or other paper and shall be filed with the Clerk under seal as set forth above. A copy of the un-redacted pleading or other paper also may be delivered to the judicial officer's chambers.

**9.      Challenges by a Party to a Designation for Protection Under this Order**. Any CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**10.      Action by the Court**. Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion under Local Rules 7-1 or 7-2 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

**11.     Use of Confidential Documents or Information at a Hearing or Trial**. Absent order of the Court, all hearing and trial proceedings are open to the public and there will be no restrictions on the use at a hearing or trial of any document designated for protection under this Order. If a party intends to present at a hearing or trial documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the party designating the documents for protection under this Order least five (5) days before the commencement of a hearing or trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). Upon motion of the party designating the document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

**12.     Obligations on Conclusion of Litigation.**

**(a)     Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)     Return of Documents Designated for Protection Under this Order**. Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies as defined in Paragraph 6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this

Page 14 of 18

Order. Counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

**(c)** **Return of Documents Filed under Seal**. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**13.** **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rules 7-1 and 7-2, and the presiding judge's standing orders or other relevant orders.

**14.** **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**15.** **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms, including third parties who avail themselves of the terms and conditions of this Order pursuant to Paragraph 14(a).

**16.** **Third Parties.** A party seeking discovery from a third party shall provide a copy of this Order to each third party required to produce documents or otherwise

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

formally disclose information in response to discovery requests during this action. Such third parties may elect to avail themselves of the terms and conditions of this Order, and thereby become a "designating party" or a "producing party" within the meaning of those terms as they are used in the context of this Order.

**17.    Other Provisions.**

(a)    If the receiving party learns that any document designated CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the receiving party responsible for the disclosure must immediately inform the designating party of such disclosure and make a good faith effort to retrieve any information so disclosed and to prevent disclosure by each unauthorized person who received such information.

(b)    In the event that any document designated CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY under this Order is sought by any person or entity not a party to this action, whether by subpoena in another action or service with any legal process, the party receiving such subpoena or service shall promptly notify the designating party in writing if such subpoena or service demands the production of any document so designated. Any such person or entity seeking such any document designated CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY by attempting to enforce such subpoena or other legal process shall be apprised of this Order by the party upon whom the subpoena or process was served. Nothing herein shall be construed as requiring anyone covered by this Order to contest a subpoena or other process, to appeal any order requiring production of any document so designated covered by this Order, or to subject itself to penalties for non-compliance with any legal process or order.

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

(c)   The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

(d)   The Parties' lawyers, including outside attorneys and in-house counsel, shall be subject to the Nevada Rules of Professional Conduct. For purposes of interpreting these rules, Rule 1.9(b)(2) will be deemed satisfied where a firm with which a lawyer formerly was associated had previously represented a client.

(e)   No Party shall be required to identify on their respective privilege log any document or communication related to this litigation dated on or after the filing of this lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log. The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

(f)   This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

(g)   All notices required by this Protective Order are to be served on the attorney(s) for each of the Defendant and Plaintiffs listed in the signature block below for each Party.

MAC:16738-001 4522881_1 10/27/2021 3:13 PM

**EXHIBIT A**
**CONFIDENTIALITY AGREEMENT**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LEVELS NETWORK, INC., a Delaware corporation; and AW BETEILIGUNGS GMBH, a limited liability company organized under the laws of Germany,<br><br>                              Plaintiffs,<br><br>      vs.<br><br>JONAS FREY, an individual,<br><br>                              Defendant. | Case Number:<br>2:21-CV-01796-RFB-BNW<br><br>**[PROPOSED] PROTECTIVE ORDER** |

**ACKNOWLEDGMENT AND**
**AGREEMENT TO BE BOUND**

        The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER, or OUTSIDE ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

        The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address:

_____

    _____

_____

    Date: _____        Signature: _____

Page 18 of 18

MAC:16738-001 4522881_1 10/27/2021 2:57 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816